IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **TROY LAMONT CHEESE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| v. | ) | **Civil Action No. 5:12-cv-0941** |
| | ) | |
| **PEGGY F. ADAMS,** *et al.*, | ) | |
| | ) | |
| **Respondents.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On April 2, 2012, Petitioner, acting *pro se* and incarcerated at FCI Elkton, filed a "Petition for 28 U.S.C. § 1361 Writ of Mandamus."[1] (Document No. 2.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

### FACT AND PROCEDURE

On December 11, 1997, Petitioner was convicted of Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C. § 846. (Criminal Action No. 5:97-0155, Document Nos. 119 and 120.) Petitioner was sentenced on March 16, 1998. (Id., Document No. 150.) The District Court ordered that Movant serve a 324-month term of incarceration to be followed by a three-year term of supervised release. (Id.) On March 27, 1998, Petitioner filed a Notice of Appeal. (Id., Document No. 155.) In his appeal, Petitioner argued that (1) "the jury was chosen in violation of 28 U.S.C. § 1862 (1994), in that the jurors were not chosen from a fair cross-section of the community;" (2) "the

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Government violated 18 U.S.C.A. § 201(c)(2) (West Supp. 1998), which prohibits offers or promises of anything of value to witnesses 'for or because of' their testimony;" (3) "the District Court failed to make a particularized factual finding as to the amount of drugs to be attributable to him;" and (4) the District Court improperly adopted the findings in the presentence report, which did not differentiate the amounts attributable to each member of the conspiracy. The Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence on February 16, 1999.[2] United States v. Cheese, 173 F.3d. 425 (4th Cir. 1999). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on June 21, 1999. Cheese v. United States, 527 U.S. 1029, 119 S.Ct. 2382, 144 L.Ed.2d 785 (1999).

On June 29, 2000, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside and Correct Judgment. (Criminal Action No. 5:97-0155, Document No. 232.) On September 6, 2000, Petitioner filed an Amended Section 2255 Motion. (Id., Document No. 241.) By Proposed Findings and Recommendation entered on December 22, 2000, United States Magistrate Judge Mary S. Feinberg recommended that Petitioner's Section 2255 Motion be dismissed as untimely. (Id., Document No. 252.) By Order entered on January 25, 2001, United States District Judge Charles Haden adopted Judge Feinberg's recommended and dismissed Petitioner's Section 2255 Motion. (Id., Document No. 255.) Petitioner filed a Notice of Appeal on May 2, 2001. (Id., Document No. 265.) On September 13, 2001, the Fourth Circuit dismissed Petitioner's appeal. United States v. Cheese, 18 Fed.Appx. 179 (4th Cir. 2001).

---

[2] The Fourth Circuit remand the case for correction of a clerical error in the Judgment Order. The Fourth Circuit noted that the District Court orally imposed a five-year term of supervised release, but noted in its written Judgment Order a three-year term of supervised release. By Amended Judgment Order entered on February 19, 1999, the District Court corrected the clerical error and imposed a five-year term of supervised release. (Criminal Action No. 5:97-0155, Document No. 197.)

On May 28, 2004, Petitioner filed a Motion for Writ of Error Coram Nobus. (Criminal Action No. 5:97-0155, Document No. 311.) By Order entered on August 26, 2004, District Judge Faber denied Petitioner's Motion for Writ of Error Coram Nobus. (Id., Document No. 315.)

On February 29, 2008, Movant filed a Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense.[3] (Id., Document No. 329.) By Memorandum Opinion and Judgment Order entered on April 10, 2009, the District Court granted Movant's request for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Id., Document No. 366.) The District Court reduced Movant's sentence to "a period of 262 months, with credit for time served to date." (Id.)

On October 17, 2011, Movant filed a Motion Under 18 U.S.C. § 3582(c)(2) for Reduction in Term of Imprisonment arguing that his sentence should be reduced based upon the Fair Sentencing Act of 2010. (Id., Document No. 383.) By Memorandum Opinion and Judgment Order entered on February 21, 2012, the District Court granted Movant's request for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Id., Document No. 391.) The District Court reduced Movant's sentence to 210 months. (Id., p. 2.)

On April 2, 2012, Petitioner filed his instant "Petition for 28 U.S.C. § 1361 Writ of Mandamus." (Civil Action No. 5:12-0941, Document No. 2.) Petitioner contends that his presentence report contains incorrect information concerning his criminal history score. (Id., pp. 1 - 2.) Petitioner contends that the "findings by the United States Probation Office included two convictions of Petitioner Cheese, a June 5, 1995 conviction of trespassing/destruction of property where the Beckley

---

[3] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

3

Magistrate Court imposed a $30.00 fine in lieu of jail time, and an April 10, 1996 shoplifting conviction where the Beckley Magistrate Court imposed a $50.00 fine in lieu of jail time." (Id., p. 1.) Citing U.S.S.G. § 4A1.2, Petitioner argues that the Probation Office incorrectly scored both convictions with one point each. (Id.) Petitioner states that "[s]ince both of Petitioner Cheese's convictions were not imprisonment sentences, and since both were petty offenses and not similar to Petitioner Cheese's instant offense, both prior convictions should be counted as zero (0) criminal history points." (Id., p. 2.) Thus, Petitioner claims that he "should have been sentenced under a criminal history score of III, and not IV."(Id.) Petitioner further states that "a sentence based on erroneous information is also illegal." (Id.) As relief, Petitioner requests "that this Court order Defendants Peggy F. Adams and the United States Probation Office, jointly and severally, to determine if Petitioner Cheese's criminal history score was correctly calculated, and if the two subject convictions were properly included in Petitioner Cheese's criminal history score as countable convictions." (Id., p. 3.) As an Exhibit, Petitioner attaches a copy of a letter from Probation Officer Adams to Petitioner dated March 13, 2012, regarding his request to review criminal history score. (Id., p. 5.)

By Order entered on April 10, 2012, the undersigned notified Petitioner of its intention to re-characterize his "Petition for 28 U.S.C. § 1361 Writ of Mandamus" as a Section 2255 Motion pursuant to United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002). (Id., Document No. 5.) The Court further ordered as follows (Id., p. 5.):

> [I]t is hereby **ORDERED** that Petitioner should inform the Court in writing by **Friday, April 27, 2012**, if he does not wish to have his Petition re-characterized as a motion under Section 2255. Should Petitioner not file a response to this Order and Notice, the Court will consider the Petition as a motion filed under Section 2255 . . . . Should Petitioner not agree with the Court that his Petition should be re-characterized as a Section 2255 Motion, the Court will rule upon the Petition as filed under 28 U.S.C. § 1361.

4

(Id., p. 4.) On April 23, 2012, Petitioner filed his "Objection to Re-Characterization of Petition as a Motion Under 28 U.S.C. § 2255." (Id., Document No. 6.) In support, Petitioner states that he "is not filing said petition to vacate, alter or set aside his sentence, but merely to mandate the United States Probation Officer to review his Pre-Sentencing Investigation Report to determine if his criminal history score was properly calculated." (Id., p. 1.) Petitioner, therefore, states that he "objections, respectfully, to the re-characterization of his filing as a motion pursuant to 28 U.S.C. § 2255." (Id.)

### DISCUSSION

Title 28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The remedy of mandamus, however, "is a drastic one, to be invoked only in extraordinary circumstances." Kerr v. United States District Court, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987)(internal quotations omitted); also see Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina, 551 F.2d 559, 562 (4th Cir. 1977)(A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable.")

Petitioner contends that the probation office incorrectly calculated his criminal history points, which resulted in the District Court imposing a higher sentence. Thus, Petitioner requests that "this Court order Defendants Peggy F. Adams and the United States Probation Office, jointly and severally, to determine if Petitioner Cheese's criminal history score was correctly calculated, and if

5

the two subject convictions were properly included in Petitioner Cheese's criminal history score as countable convictions." The Court finds that Petitioner's right to relief is not clear and indisputable. Further, the proper means for Petitioner to attain the relief he desires is to request *habeas* relief. Although Petitioner states that he is merely requesting the probation office review his presentence report for error, Petitioner is clearly challenging the validity of his sentence. The undersigned notes that the presentence report was accepted by the District Court during Petitioner's sentence hearing. Moreover, "[a] writ of mandamus will not issue to compel an act involving the exercise of judgment and discretion." Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi, 551 F.2d at 562. Accordingly, the undersigned finds that Petitioner has failed to meet the stringent requirements for invoking a Writ of Mandamus.[4]

---

[4] Notwithstanding the foregoing, the Court will briefly consider the merits of Petitioner's claim. United States Sentencing Guidelines § 4A1.2(c) provides as follows:

Sentences for all felony offenses are counted. Sentence for misdemeanor and petty offenses are counted, except as follows:

(1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:
    Careless or reckless driving
    Contempt of court
    Disorderly conduct or disturbing the peace
    Driving without a license or with a revoked or suspended license
    False information to a police officer
    Gambling
    Hindering or failure to obey a police officer
    Insufficient funds check
    Leaving the scene of an accident
    Non-support
    Prostitution
    Resisting arrest
    Trespassing.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 1.), **DISMISS** Petitioner's "Petition for 28 U.S.C. § 1361 Writ of Mandamus"(Document No. 2.) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to

---

(2) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:
  Fish and game violations
  Hitchhiking
  Juvenile status offenses and truancy
  Local ordinance violations (except those violations that are also violations under state criminal law)
  Loitering
  Minor traffic infractions (e.g. speeding)
  Public intoxication
  Vagrancy.

The undersigned finds that Petitioner's prior misdemeanor convictions for shoplifting and destruction of property were not excludable offenses under Section 4A1.2(c). *See United States v. Compos-Rodriguez*, 2012 WL 1217177 (2nd Cir. 2012)(finding that defendant's conviction for destruction of private property was properly included in his criminal history calculation because the offense was not similar to disorderly conduct); *United States v. Coleman*, 426 Fed.Appx. 515 (9th Cir. 2011)(finding that defendant's conviction for vandalism was properly included in his criminal history calculation because vandalism or destruction of property is not similar to loitering); *United States v. Donzo*, 335 Fed.Appx 191 (3rd Cir. 2009)(finding that the district court properly included defendant's shoplifting conviction in his criminal history calculation because shoplifting is not listed as one of the enumerated offenses listed in Section 4A1.2(c)); *United States v. Osborne*, 514 F.3d 377 (4th Cir. 2008)(finding that defendant's prior sentence for shoplifting warranted a single criminal history point because shoplifting was not similar to excludable insufficient funds check offense); *United States v. Lamm*, 392 F.3d 130 (5th Cir. 2004)(finding that a conviction for shoplifting or petty theft was not excluded from the criminal history calculation pursuant to § 4A1.2(c) because the offense is not similar to the crime of insufficient funds check). Thus, Petitioner's prior convictions for shoplifting and destruction of property were properly included in his criminal history calculation.

7

the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: April 27, 2012.

R. Clarke VanDervort
United States Magistrate Judge