IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

TROY LAMONT CHEESE,

    Petitioner,

v.                                      Civil Action No: 5:12-cv-0941

PEGGY F. ADAMS, et al.,

    Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are petitioner's application to proceed in forma pauperis and for a writ of mandamus pursuant to 28 U.S.C. § 1361. (Doc. No. 2). By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 4). The magistrate judge submitted his proposed findings and recommendation ("PF&R") on April 27, 2012. (Doc. No. 7). In the PF&R, Judge VanDervort recommended that the court deny petitioner's application to proceed in forma pauperis and dismiss petitioner's application for a writ of mandamus.

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days,

in which to file any objections to the PF&R.  Petitioner timely filed objections to the PF&R on May 7, 2012.  (Doc. No. 8).  Because petitioner's objections are without merit, the court dismisses his petition and denies his motion to proceed in forma pauperis.

I.   Background

On December 11, 1997, petitioner was convicted of Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C. § 846.  United States v. Cheese, Criminal Action No. 5:97-0155, (S.D.W. Va. Dec. 11, 1997).  On March 16, 1998, the district court sentenced petitioner to 324 months imprisonment.  Id., Doc. No. 150.  Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit, which affirmed both on February 15, 1999.[1]  United States v. Cheese, 173 F.3d 425 (4th Cir. 1999) (unpublished).  On June 21, 1999, the Supreme Court of the United States denied petitioner a writ of certiorari.  Cheese v. United States, 527 U.S. 1029 (1999).

---

[1] The Fourth Circuit remanded petitioner's case for correction of a clerical error in the Judgment Order.  The district court orally imposed a five-year term of supervised release, but noted only a three-year term in the court's Judgment Order.  By Amended Judgment Order entered February 19, 1999, the district court corrected the clerical error and imposed a five-year term of supervised release.  United States v. Cheese, Criminal Action No. 5:97-0155 (S.D.W. Va. Feb. 19, 1999).

On April 2, 2012, petitioner filed the instant petition seeking a writ of mandamus.  (Doc. No. 2).  Petitioner contends that his presentence report contains incorrect information concerning his criminal history score.  (Id. at 1-2).  Pursuant to United States Sentencing Guideline 4A1.2(c), certain misdemeanor and petty offenses count toward the calculation of a defendant's criminal history, while other offenses are excluded.  Petitioner argues that the United States Probation Office incorrectly scored two of his prior convictions:  a 1995 conviction of trespassing/destruction of property and a 1996 conviction of shoplifting.  (Id. at 1).  According to petitioner, because his convictions resulted in fines, rather than jail time, he should not have received any criminal history points, rather than one point for each conviction.  As a result, petitioner seeks a writ of mandamus to compel a probation officer to recalculate his criminal history score.

The magistrate judge informed petitioner of his intent to recharacterize the petition for a writ of mandamus as a habeas corpus petition under Section 2255, but petitioner objected.  (Doc. No. 6).  As a result, the magistrate judge analyzed petitioner's application as a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361 and recommended that the court deny the petition.

## II.  Petitioner's Objections to the PF&R

Initially, petitioner objects to the magistrate judge's characterization of the Probation Office's calculation of petitioner's criminal history score as "an act involving the exercise of judgment and discretion."  Pursuant to 28 U.S.C. § 1361, the district court may "compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff."  However, this authorization has limits.  As the magistrate judge stated, "[a] writ of mandamus will not issue to compel an act involving the exercise of judgment and discretion."  Cent. S.C. Chapter, Soc. of Prof'l Journalists, Sigma Delta Chi, 551 F.2d 559, 562 (4th Cir. 1977).  Petitioner argues against this conclusion and contends that the Probation Office "must conduct a presentence investigation and submit a report to the Court."

A writ of mandamus is not the appropriate action for the relief petitioner seeks.  Initially, petitioner confuses the mandate of Federal Rule of Criminal Procedure 32(c) with the judgment and discretion involved in calculating petitioner's criminal history score.  Petitioner is correct that a probation officer must conduct a presentence investigation and submit it to the court.  However, probation officers already fulfilled this duty owed to petitioner when they prepared and submitted a presentence investigation report to the court.

4

Further, a writ of mandamus does not issue for those acts that involve judgment and discretion.  Here, a recalculation of petitioner's criminal history score would require a probation officer to look to petitioner's prior offenses, and, using his or her judgment and discretion, determine whether the elements of the offenses fell within the offenses in the excludable or non-excludable categories.  The court cannot compel such action through a writ of mandamus.  Therefore, petitioner's objection to the magistrate judge's characterization of his criminal history recalculation as "an act involving the exercise of judgment and discretion" lacks merit.

Further, petitioner objects to the PF&R's characterization that his right to relief "is not clear and indisputable," arguing that the magistrate judge assumed that probation officers correctly calculated petitioner's criminal history.  Again, petitioner confuses the requirements of a writ of mandamus with the requirements of Federal Rule of Criminal Procedure 32(c).  To obtain relief under a writ of mandamus, a petitioner "carries the heavy burden of showing that he has no other means to attain the relief he desires and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted).  A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly

defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." <u>Cent. S.C. Chapter, Soc. of Prof'l Journalists</u>, 551 F.2d at 562.

Contrary to petitioner's argument, he cannot make the requisite showing necessary for a writ of mandamus. As described above, probation officers already fulfilled the duty owed to petitioner by conducting a presentence investigation and preparing a report. Petitioner is not owed relief under a writ of mandamus because the "clear and indisputable" duty in this case has already been fulfilled. As petitioner's right to relief is not clear and indisputable, the court must overrule his objection.

Finally, while petitioner argues that the case law cited by the magistrate judge does not accurately reflect Fourth Circuit precedent, this argument is without merit. The magistrate judge concluded that a writ of mandamus should not issue in petitioner's favor, but nonetheless analyzed whether petitioner's prior criminal history fell within the offenses listed within Section 4A1.2(c). After examining the statutory scheme, the magistrate judge determined that petitioner's prior misdemeanor convictions for shoplifting and destruction of property were not excludable offenses under Section 4A1.2(c), and, as a result, probation officers properly calculated petitioner's criminal history score.

Petitioner contends that the cases cited by the magistrate judge in support of his conclusion do not accurately reflect current Fourth Circuit law. In his objection, petitioner listed the cases from other circuits cited by the magistrate judge, but notably omitted the magistrate judge's citation of controlling Fourth Circuit precedent. Petitioner is correct that the Fourth Circuit has rejected a multi-factor test and requires comparison of the elements of the prior offense to the offenses listed in Section 4A1.2. See United States v. Harris, 128 F.3d 850, 853–54 (4th Cir. 1997). But this is precisely what the magistrate judge did. He examined petitioner's prior offenses with the statutory list of offenses and determined that petitioner's prior convictions fell within the list of non-excludable offenses. As a result, the magistrate judge determined that, even if a writ of mandamus issued in petitioner's favor and a probation officer re-examined petitioner's prior offenses, the same calculation would follow. The magistrate judge correctly cited to and followed Fourth Circuit precedent, rendering petitioner's final objection wholly without merit.

### III. Conclusion

Accordingly, the court OVERRULES petitioner's objections to Magistrate Judge VanDervort's PF&R. The court adopts the factual and legal analysis contained within the PF&R, DENIES

7

petitioner's application to proceed in forma pauperis, (Doc. No. 1), DISMISSES petitioner's application for a writ of mandamus, (Doc. No. 2), and DISMISSES this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to petitioner, pro se.

IT IS SO ORDERED on this 22nd day of September, 2014.

ENTER:

David A. Faber
Senior United States District Judge